R. LANIER ANDERSON, III, Circuit Judge:
 

 Willie Calvin Johnson appeals from an order of the district court affirming the bankruptcy court’s decision that a utility may properly demand adequate assurance of payment as a condition precedent to the reestablishment of electric service. We do not reach the merits of the appeal because Johnson’s notice of appeal was not timely, and we have no jurisdiction.
 

 The district court entered judgment on October 13, 1983, affirming the bankruptcy court’s decision. On October 19, 1983, Johnson served a motion for rehearing and filed same with the district court on October 21, 1983. Before the district court
 
 *702
 
 ruled on Johnson’s motion for rehearing, Johnson filed a notice of appeal on November 9,1983. The district court subsequently denied the motion for rehearing on November 23, 1983. Johnson failed to file a second notice of appeal.
 

 Federal Rule of Appellate Procedure 4(a)(4) provides:
 

 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.
 

 Johnson does not argue that his petition for rehearing was not a “motion to alter or amend the judgment” under Rule 59 of the Federal Rules of Civil Procedure. Instead, Johnson argues that his notice of appeal was timely because the normal rules respecting the effect of post-decisional motions do not apply to bankruptcy. Johnson relies on a provision in
 
 Moore’s Federal Practice
 
 to the effect that Rule 4(a)(4) does not control the effect of post-judgment motions in bankruptcy court on the timing of appeals from the bankruptcy court to the district court.
 
 See
 
 J. Moore, B. Ward, & J. Lucas,
 
 Moore’s Federal Practice,
 
 ¶ 204.-12[6] (2d ed. 1983). Johnson contends that procedural rules unique to bankruptcy not only should govern appeals from the bankruptcy court to the district court, but also should govern appeals from the district court to the court of appeals. We disagree.
 

 Assuming
 
 arguendo
 
 that Johnson’s reading of the special rule concerning post-decisional motions in bankruptcy is correct, our review of the authorities indicates that the rule is confined to the initial appeal from the bankruptcy court to the district court. If a party seeks further review of the district court’s judgment, he must comply with the Federal Rules of Appellate Procedure. One respected authority states:
 

 Under the Bankruptcy Act, appeals from decisions of district court judges (reviewing referees’ decisions) to courts of appeals were governed by the Federal Rules of Appellate Procedure. Such will continue to be the case under the Code.
 

 1
 
 Collier on Bankruptcy
 
 ¶ 3.03[2][b][iii] (15th ed. 1979).
 

 The Bankruptcy Rules themselves contemplate direct appeals to the court of appeals.
 
 See
 
 Bankr.R. 8001. The advisory committee note to Rule 8001 states:
 

 These rules in Part VIII apply only to appeals to the district courts or bankruptcy appellate panels.
 
 Subsequent appeals to the courts of appeals or direct appeals by agreement of the parties under 28 U.S.C. § 1293(b) are governed by Federal Rules of Appellate Procedure.
 

 Bankr.R. 8001 (note) (emphasis added). “Appeals to the court of appeals, either directly from the bankruptcy court by means of a stipulation, from the district court, or from a designated panel of three bankruptcy judges, are governed by the Federal Rules of Appellate Procedure.” 6
 
 Collier Bankruptcy Practice Guide
 
 ¶ 117.-02[3] (1984).
 

 We conclude that Johnson was obliged to comply with the Federal Rules of Appellate Procedure in order to perfect his appeal. Under the plain terms of Rule 4(a)(4), Johnson’s first notice of appeal was a nullity since it was filed while a timely motion for rehearing was pending before the district court. Since Johnson failed to file a second notice of appeal after the district court denied the petition for rehearing, this court is without jurisdiction.
 
 Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56,
 
 *703
 
 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Accordingly, this appeal is dismissed for lack of jurisdiction.
 

 DISMISSED.