786 F.2d 1456
 4 Fed.R.Serv.3d 1130, Bankr. L. Rep. P 71,141
 In the Matter of SUNDALE ASSOCIATES, LTD., the Sunrise Club,
Inc., Debtors,
SUNDALE ASSOCIATES, LTD., the Sunrise Club, Inc.,
Plaintiffs-Appellants,
v.
CITY NATIONAL BANK OF MIAMI, Defendant,
Southeast Bank, N.A., Defendant-Appellee.
 No. 85-5235.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 28, 1986.
 
 Holland & Knight, Irving Wolff, Miami, Fla., for plaintiffs-appellants.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.
 
 
 1
 ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 
 ORDER:
 
 2
 Our previous order entered dismissing this appeal for want of jurisdiction is withdrawn and the following is substituted in its place:
 
 
 3
 Debtors Chapter XI proceedings were dismissed by the United States Bankruptcy Court for the Southern District of Florida. On March 21, 1984 debtors timely filed a notice of appeal to the District Court for the Southern District of Florida.
 
 
 4
 The district court, on December 10, 1984, docketed an order affirming the bankruptcy court's order, 48 B.R. 288. On December 20 debtors filed a motion entitled "Motion to Amend Judgment and For Rehearing and Memorandum of Law." The district court denied this on February 25, 1985. Debtors filed, on March 7, 1985, the instant appeal to the court of appeals, stating that they were appealing from the district court's December 10 order and the February 25 order. The appellee bank has moved to dismiss the appeal on the ground that it was not filed within 30 days of the December 10 order as required by FRAP Rule 4(a). We agree and dismiss the appeal for want of jurisdiction.
 
 
 5
 The motion for rehearing in the district court was filed pursuant to Bankruptcy Rule 8015:
 
 
 6
 MOTION FOR REHEARING. Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel.
 
 
 7
 The Advisory Committee Note to Rule 8015 provides:
 
 
 8
 ADVISORY COMMITTEE NOTE. This is an adaptation of the first sentence of Rule 40(a) Fed.R.App.P. The filing of a motion for rehearing does not toll the time for taking an appeal to the court of appeals from the district court or the bankruptcy appellate panel. Appeals from a district court or a bankruptcy appellate panel are to the appropriate court of appeals. Under Rule 4(a)(4) F.R.App.P. the filing of post-trial motions in the district court has the effect of vitiating any prior notice of appeal and, on the district court's disposition of those posttrial motions, a new appeal period starts. Rule 4 F.R.App.P. does not, however, contain any provision which stays or otherwise alters the time for taking an appeal to the court of appeals when a motion for rehearing is filed under Rule 8016 with the district court or bankruptcy appellate panel.
 
 
 9
 The debtors contend that the time for taking an appeal from the order of the district court, dated December 10, 1984 and affirming the bankruptcy court order, was tolled. Bankruptcy Rule 8015 contains no tolling provision. The debtors seek the benefit of the tolling provisions of Fed.R.App.P. Rule 4(a)(4), which triggers tolling upon the filing of a timely motion filed under the F.R.Civ.P.:
 
 
 10
 --for judgment under Rule 50(b);
 
 
 11
 --under Rule 52 to amend or make additional findings of fact;
 
 
 12
 --under Rule 59 to alter or amend the judgment or for a new trial.
 
 
 13
 Fed.R.App.P. Rule 4(a)(4) does not mention the Bankruptcy Rules in general, or Rule 8015 in particular, as creating tolling. The Advisory Committee note is precisely consistent with Rule 4(a)(4).
 
 
 14
 While no minutes or proceedings of the Advisory Committee other than the note itself are available, certainly the Committee was free to consider bankruptcy to be a special situation where prompt action may be necessary for bankrupt individuals and businesses to have their financial statuses adjudicated and in some cases rehabilitated, and that the filing of a post-judgment motion should not be permitted to interrupt the process. In any event, whatever the Committee's underlying reasons, neither Rule 8015 nor the note could be much clearer.
 
 
 15
 The Ninth Circuit has reached the same conclusion that we reach. In re Lovitt, 757 F.2d 1035 (9th Cir.1985), holds:
 
 
 16
 Federal Rule of Appellate Procedure 4(a)(4) provides that the thirty day period for the filing of a notice of appeal does not begin to run until after the disposition of certain enumerated post-judgment motions. Cheadle's motion for reconsideration does not fit within any of the categories singled out in the Rule for special treatment. As appellees point out, Cheadle's motion is most properly characterized as a motion for rehearing under Bankruptcy Rule 8015. The Advisory Committee's note to Rule 8015 observes that the filing of a motion for rehearing does not toll the time for taking an appeal from a district court's judgment. See also Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557 (1937) (bankruptcy court's refusal to entertain motion for rehearing does not extend time for filing appeal; defeated party who does not file a timely appeal takes the risk that he may lose his right of appeal).
 
 
 17
 The time limits for filing a notice of appeal are "mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960). Because Cheadle's motion for reconsideration did not extend the time for appeal from the district court's July 11 order, Aebig's failure to file her appeal within thirty days of July 12, 1984, the date of entry of the district court's order, deprives this court of jurisdiction to hear her appeal.
 
 
 18
 Id. at 1038-39.
 
 
 19
 Our decision in In re Johnson v. Atlanta Gas Light Co., 747 F.2d 701 (11th Cir.1984), is consistent with what we decide. It does not concern tolling, or Rule 8015, or the Advisory Committee Note thereto. Johnson "[did] not argue that his petition for rehearing was not a 'motion to alter or amend the judgment' under Rule 59 of the Federal Rules of Civil Procedure." Id. at 702.[1] The decision addresses whether there must be a second notice of appeal when appellant has filed a premature notice of appeal, his motion for rehearing in the district court is subsequently denied, and he fails to file a second notice of appeal. The subject matter of the entire first sentence of Rule 4(a)(4) is tolling. The first sentence tells counsel that the commencement of his time allowed to appeal is postponed after he has filed any one of four designated motions. It is a "tolling" or "delay" provision, pure and simple. The second sentence concerns a different subject matter. It does not relate to time, or expiration of time, or delay in its commencement. Rather it tells counsel the consequence of acting prematurely.
 
 
 20
 When the Advisory Committee had before it the subject of tolling, it looked to Rule 4(a)(4) for guidance; it found guidance--designated motions create tolling but a bankruptcy motion for rehearing is not one of those designated. In Johnson our court too looked to Rule 4(a)(4) for guidance on the subject of prematurity and it found guidance. Johnson does not say expressly or by implication that because part of Rule 4 does apply to bankruptcy appeals, everything in Rule 4 governs bankruptcy appeals, even matters that Rule 4(a)(4) by its terms does not include and the Advisory Committee by its note excludes.
 
 
 21
 There are independent reasons for the clear and certain rule expressed by Rule 8015 and the Advisory Committee Note. Under the earlier caselaw one could not know with assurance (if at all) whether a petition for rehearing in a bankruptcy matter tolled the time for appeal, until the court of appeals decided whether the petition was filed in good faith, "entertained" by the court, dealt with upon its merits, and whether the court was "fully advised in the premises." See Wayne United Gas Company v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1936); Bowman v. Loperena, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177 (1940); Ribaudo v. Citizens National Bank, 261 F.2d 929 (5th Cir.1958). These decisions counted the number of angels dancing on the point of the needle. Ribaudo even gave substantive effect to legal jargon like "fully advised in the premises," in order to decide that the court really did know what it was doing and really did reconsider the merits and thus the petition for rehearing tolled the time for appeal. Rule 8015 and the Advisory Committee chose certainty over this hocus pocus, and its choice should not be overridden because in a particular case counsel did not abide the Bankruptcy Rule.
 
 
 22
 This court has no jurisdiction of this bankruptcy appeal, and the appeal is DISMISSED.
 
 
 23
 The petition for rehearing is DENIED and the court having been polled at the request of one of the members of the court and a majority of the circuit judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the suggestion for rehearing en banc is also DENIED.
 
 
 
 [1]
 Since the argument not made in Johnson is presented and determined in this case, the time for filing a notice of appeal is controlled by this case. Thus a notice of appeal filed while a motion for rehearing is pending in a bankruptcy case is not a nullity