*383
 
 CORRECTED OPINION
 

 RONEY, Circuit Judge:
 

 John C. Mike appeals the district court’s order dismissing his appeal from the bankruptcy court as being untimely filed. On June 20, 1984, Mike filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code. The bankruptcy court, on motion by appellee, Glendale Federal Savings & Loan Association, dismissed the petition on September 7, 1984. Mike, without reference to any rule, filed a “motion for rehearing” on September 14. The bankruptcy court denied this motion in an order signed on September 27 and filed on October 11. Mike, however, on October 5,1984, filed a notice of appeal to the district court.
 

 Glendale moved to dismiss Mike’s appeal as untimely because the notice of appeal was not filed within ten days of the bankruptcy court’s dismissal of his petition, and the “motion for rehearing” did not toll the ten-day time limit. The district court held that Fed.Bankr.R. 8002 compelled dismissal of the appeal with prejudice. We hold the motion for rehearing in the bankruptcy court tolled the time for appealing from the bankruptcy court to the district court until the order denying rehearing. Further we hold that the notice of appeal, filed after the bankruptcy court signed the order denying a rehearing, but before the bankruptcy court’s order was filed and entered on the docket, is effective as of the date of filing. We, therefore, reverse the district court’s order dismissing Mike’s appeal.
 

 Certain timely-filed postjudgment motions filed in the bankruptcy court toll the time for an appeal from a final judgment of a bankruptcy court to a district court. Fed.Bankr.R. 8002(b) provides that a motion under Rule 9023 tolls the time for appeal:
 

 If a timely motion is filed in the bankruptcy court by any party: ... (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of
 

 appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed.
 

 Rule 9023 incorporates Fed.R.Civ.P. 59:
 

 Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008.
 

 See
 
 Fed.Bankr.R. 9023 Advisory Committee Note. (Rule 3008 relates to the allowance or disallowance of claims and does not affect the applicability of that section to this case.)
 

 The counterpart to Rule 8002(b) is Fed.R.App.P. 4(a)(4), which in relevant part provides:
 

 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
 

 The language of Fed.Bankr.R. 8002(b) is essentially identical to the language of Fed. R.App.P. 4(a)(4). Each rule incorporates Fed.R.Civ.P. 59, which governs the timeliness of a motion for rehearing, and which has been judicially interpreted to provide that a timely motion for rehearing tolls the time for filing an appeal.
 
 See Browder v. Director, Dept. of Corrections of Ill.,
 
 434 U.S. 257, 267, 98 S.Ct. 556, 562, 54 L.Ed.2d 251 (1978). Thus, Mike’s timely motion for rehearing tolled the time for his appeal of the bankruptcy court’s order until the entry of the order denying the motion for a rehearing.
 

 Glendale argues that under Fed. Bankr.R. 8015 and its accompanying advisory note a rehearing motion does not toll the time for appeal.
 
 See In re Sundale Associates, Ltd.,
 
 786 F.2d 1456 (11th Cir.
 
 *384
 
 1986). Rule 8015, however, is inapplicable to the current case. By its terms, Rule 8015 applies only to motions for rehearing filed either with a district court hearing a bankruptcy appeal or with a bankruptcy appellate panel.
 

 Mike's notice of appeal was filed after the bankruptcy judge signed the order denying the motion but before the order was filed. Glendale argues the notice was of no effect under Bankruptcy Rule 8002(b), which states that “[a] notice of appeal filed before the disposition of [bankruptcy post-judgment motions under Rules 9015, 7052(b) and 9023] shall have no effect.”
 

 The Ninth Circuit addressed this issue in
 
 In Re Brickyard,
 
 735 F.2d 1154 (9th Cir.1984). The court, interpreting the predecessor to Rule 8002, held that a notice of appeal was timely when filed after the bankruptcy court orally announced its decision to deny a party’s timely motion to amend, but before the bankruptcy court signed the order denying the motion. We will follow the reasoning and result of
 
 Brickyard.
 

 Several policy reasons support this ruling. First, the Supreme Court has recognized that “certainty as to timeliness ... Is not advanced by holding that appellate jurisdiction does not exist.... If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss.”
 
 Bankers Trust v. Mallis,
 
 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1977) (cited in
 
 Brickyard,
 
 735 F.2d at 1156). Second, there is no risk that the bankruptcy court and the district court will be simultaneously considering the same case and no risk that they will reach potentially inconsistent results and waste judicial effort.
 
 Cf. Griggs v. Provident Consumer Discount Co.,
 
 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (notice of appeal filed during pendency of timely motion to alter or amend is invalid). Third, interpretation of the word “disposition” as meaning “announcement” of a decision gives meaning to the policy of “exercising all proper means to prevent loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon.”
 
 Markham v. Holt,
 
 369 F.2d 940, 942 (5th Cir.1966).
 

 Mike’s appeal was filed on October 5, 1984, nine days after the court announced its decision. Mike's appeal should be treated as filed on October 11,1984, the date the bankruptcy court’s order was entered on the docket.
 

 REVERSED and REMANDED.