In re Bernard W. FISHER, and Carole Fisher, Debtor-in-Possession.

**CHASE MANHATTAN BANK (U.S.A.), N.A., Plaintiff,**

v.

**Carole FISHER, Defendant.**

Bankruptcy No. 87–000209–BKC–SMW. Adv. No. 87–0221–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

June 12, 1987.

Joel L. Tabas, Miami, Fla., for plaintiff, Chase Manhattan Bank (USA), N.A.

Andrienne Maidenbaum, Hallandale Beach, Fla., for defendant, Carole Fisher.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on May 20, 1987, upon the complaint of Chase Manhattan Bank (U.S.A.), N.A. ("Chase Manhattan"), for a determination of dischargeability pursuant to § 523(a)(2)(A) of the Bankruptcy Code, of obligations owed to Chase Manhattan by Carole Fisher ("defendant"), and the Court having heard the testimony, examined the evidence presented, observed the candor

and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

On or about January 31, 1984, the defendant responded to an invitation from Chase Manhattan to apply for a Visa credit card with a $1,000.00 credit limit. The defendant's response included a request for an additional card for her husband, Bernard Fisher.

The defendant was issued two Visa cards. The defendant generally maintained the Visa account balance within the credit limit through August of 1985. When the defendant's Visa credit limit was increased to $1,500, the defendant utilized her incremental credit. Her account balance as of December, 1985, was $1,559.53. While the defendant did not make a significant amount of purchases over the next four months, her account balance reached $1,837.50, in April 1986, which prompted Chase Manhattan to notify the defendant that her account was closed and that her Visa cards should be cut in half and returned to Chase Manhattan.

Notwithstanding receipt of this revocation notice, the defendant and her husband continued to use the Visa cards and subsequently incurred an additional $4,587.66 for purchases and finance charges. Most of the charges which were made after the revocation notice were for luxury goods, restaurants, airfare and hotels.

On or about January 24, 1986, the defendant received an invitation from Chase Manhattan to apply for a Mastercard line of credit of $1,000.00. The defendant completed the invitation and again requested an additional card for her husband's use. While making a substantial amount of purchases with the Mastercards, the Fishers never made any payments against this account during the eleven month period in which they used the cards.

During April of 1986, the Fishers charged restaurant meals, luxury goods, and travel expenses on the Mastercards yielding an account balance for the period ending May 6, 1986 of $3,168.73. The May, 1986 statement to the defendant included a revocation notice advising the Fishers that the Mastercard account had been closed to further purchases, and that the cards should be cut in half and returned to Chase Manhattan. Notwithstanding the receipt of the Mastercard revocation notice, the Fishers continued to use the Mastercards and subsequently incurred $4,934.59, for purchases and finance charges.

Mr. Fisher testified that he never received the revocation notices for the Mastercard or Visa accounts. However, Chase Manhattan properly addressed the revocation notices and followed the usual, computerized mailing procedures for the revocation notices, and neither notice was ever returned to Chase Manhattan.

Chase Manhattan contends that the debts owed by defendant under the Visa and Mastercard accounts are non-dischargeable under 11 U.S.C. § 523(a)(2)(A) which provides:

> (a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition.

■ The Eleventh Circuit's rule on the misuse of credit cards is delineated in *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983). In *Roddenberry*, the Eleventh Circuit rejected the implied misrepresentation theory and stated that because banks encourage, or willingly suffer credit extensions beyond contractual credit limits and factor such extensions and the possibility of non-payment of debts into their finance charges, "... that the voluntary assumption of risk on the part of a bank continues until it is clearly shown that the bank unequivocally and unconditionally revoked the right of the card holder to further *possession and use* of the card, and until the cardholder is aware of

this revocation." *Roddenberry, supra* at 932. *See also Chase Manhattan Bank (USA), N.A. v. Carpenter, (In the matter of Carpenter)* 53 B.R. 724 (Bankr.N.D.Ga. 1985). Chase Manhattan unequivocally and unconditionally revoked the defendant's credit cards via the revocation notices which were incorporated into the defendant's monthly statements. All post-revocation charges are non-dischargeable.

 The denial of receipt of the revocation notices for the Visa and Mastercard accounts does not establish non-receipt, because, it is presumed that mail which is properly addressed, stamped and deposited in the mail system by an organization utilizing customary and usual computer procedures, was received by the party to whom it was sent. *See, Simpson v. Jefferson Standard Life Insurance Company,* 465 F.2d 1320 (6th Cir.1972); *Gulf Coast Investment Corp. v. Secretary of Housing and Urban Development,* 509 F.Supp. 1321 (E.D.La.1980). Denial of receipt does not, as a matter of law, rebut the presumption of receipt, but rather creates a question of fact. *See, e.g., Swink & Co. v. Carroll McEntee & McGinley, Inc.,* 266 Ark. 279, 584 S.W.2nd 393 (1979).

The Court finds that Chase Manhattan properly addressed both statements which incorporated the revocation notices to the defendant, that Chase Manhattan adequately demonstrated its customary computer mailing procedures, and that such procedures were adhered to in this case. Therefore, proper mailing has been demonstrated and the presumption of receipt is raised. The Court does not find Mr. Fisher's denial of receipt of these two notices persuasive and Mr. Fisher's testimony does not rebut the presumption.

Since the revocation notices were sent by Chase Manhattan and received by the defendant, the Court finds all charges made by the defendant or her husband on either of the credit cards after the receipt of such notices to be non-dischargeable under § 523(a)(2)(A). Accordingly, this Court finds charges in the amount of $4,587.66 under the Visa account and charges in the amount of $4,934.59 under the Mastercard

account to be non-dischargeable. A separate Final Judgment of even date has been entered in conformity herewith.