In re Ayala E. SOLANO, Debtor.

**AMERIFIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**Ayala E. SOLANO, Defendant.**

**Bankruptcy No. 87–04260–BKC–SMW. Adv. No. 87–0115–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

May 10, 1988.

Patrick S. Scott, Blackwell Walker Fascell & Hoehl, Ft. Lauderdale, Fla., for creditor.

Neal J. Tannenbaum, Ft. Lauderdale, for debtor.

## MEMORANDUM DECISION AND FINAL JUDGMENT

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Amerifirst Federal Savings and Loan Association ("Amerifirst") to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel finds as follows:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a, b) and 1334(b), and the district court's general order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and brought as an adversary proceeding to determine the dischargeability of a debt pursuant to Bankr.R. 7001(6) and 4007(a), and 11 U.S.C. § 523(c).

Sometime before 1987, the debtor obtained a revolving line of credit under a Visa credit card issued by Amerifirst. On June 9, 1987 a letter was mailed to the debtor at the address reflected on her account statements advising her that her authorization to use her credit card had been revoked, and directing her to destroy the card. The debtor, after June 9, 1987 but prior to the filing of her bankruptcy petition, used the credit card to charge purchases totalling $1,699.37.

An indebtedness that is incurred by the use of a credit card will be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) after the creditor has communicated to the debtor the unconditional revocation of the debtor's privilege to use or possess the card. *In re Roddenberry* (*First National Bank of Mobile v. Roddenberry*), 701 F.2d 927 (11th Cir.1983) and *In re Fisher* (*Chase Manhattan Bank v. Fisher*), 74 B.R. 633 (Bankr.S.D.Fla. 1987). The Court finds that the debtor was noticed of the unconditional revocation of her credit card privileges on June 9, 1987 and all charges incurred subsequent to that date are excepted from discharge.

The debtor argues that she never received notice of the revocation. However, the notice of revocation was mailed by Amerifirst according to the daily computer report of standard notices mailed to Amerifirst Visa cardholders. Although the debtor denied having ever received the notices, such testimony denying receipt does not rebut the presumption of receipt created by the proof of mailing. *Simpson v. Jefferson Standard Life Insurance Co.*, 465 F.2d 1320 (6th Cir.1972) and *Fisher*, 74 B.R. at 635.

The debtor testified that her address changed and the notice never reached her new apartment. However, the debtor moved three to four months prior to the revocation notice being mailed yet the debtor never notified Amerifirst of her new apartment within the same building despite a conspicuous notation printed on each account statement requesting address change notification. Additionally, the debtor did not have the post office forward her mail to her new apartment and she admitted to receiving monthly account statements after changing apartments. Therefore, the Court finds that Amerifirst gave effective notice of revocation when it caused the notice to be mailed to her address of record with Amerifirst.

WHEREUPON, it is

ORDERED AND ADJUDGED that the debtor's indebtedness to Amerifirst, to the extent incurred by the debtor's use of the Amerifirst Visa credit card after June 9, 1987, is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).