In re **EAST COAST BROKERS AND PACKERS, INC.**, Debtor.

**GONZALEZ PACKING COMPANY,**
Appellant,

v.

**EAST COAST BROKERS AND PACKERS, INC.**, Appellee.

**Bankruptcy No. 90–1555–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1991.

Robert Wade Wetherington, Gibbons, Smith, Cohn & Arnett, P.A., Tampa, Fla., for appellant.

Harley Edward Riedel, II, Stichter, Riedel, Blain & Prosser, P.A., Tampa, Fla., for appellee.

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

KOVACHEVICH, District Judge.

### ORDER ON APPEAL

This Cause is before the Court on appeal from the final Findings of Fact, Opinions of Law, and Memorandum Opinion Denying Relief from Stay and Turnover of Property entered on October 12, 1990 by United States Bankruptcy Judge Thomas E. Baynes, Jr., 120 B.R. 221, and includes a request for oral argument.

### STANDARD OF APPELLATE REVIEW

Appellant is entitled to a *de novo* review of all conclusions of law and the legal significance afforded to facts adduced at trial. *In re Owen*, 86 B.R. 691 (M.D.Fla. 1988), *rev'd on other grounds,* — U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). This Court will not set aside the Bankruptcy Court's Findings of Fact unless clearly erroneous. Bankruptcy Rule 8013; *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir.1986).

### FACTS

Debtor East Coast Brokers and Packers, Inc. ("East Coast" or Debtor) is in the business of growing, packing and shipping tomatoes. Debtor's business is located in Plant City, Florida. Appellant Gonzalez Packing Company ("Gonzalez" or Appellant) is also in the business of growing, packing and shipping tomatoes. Appellant's business is located in Gonzalez, California.

When Debtor filed for protection from creditors under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., Appellant sought to recover certain trust receipts held by the Department of Agriculture pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). Appellant filed an adversarial proceeding seeking relief from the automatic stay in bankruptcy and seeking turnover of assets in the form of the trust receipts. Both parties agreed that Appellant properly, and in timely fashion, filed Notices of Intent to Preserve Trust Benefits ("Notices") with the United States Department of Agriculture. However, the parties disputed whether Notices were sent to, or received by, the Debtor.

At an evidentiary hearing, Mr. Madonia, Debtor's president, and Mr. Madonia, Jr., another officer of the company, testified that Debtor had never received any Notices from Appellant. To rebut this testimony, Appellant introduced testimony of a Gonzalez manager, Mr. Horwath.

Mr. Horwath testified that he would pull the names of files and direct his secretary to file a Notice on each file. The secretary would then type up the Notice. On voir dire, Mr. Horwath testified that his responsibility was to let the secretary know which accounts should have Notices filed with the Department of Agriculture. He went on to testify that he never saw the Notices after they had been prepared, nor did he ever see the Notices stamped.

The Bankruptcy Court then conducted a brief inquiry of Mr. Horwath. The Bankruptcy Court inquired whether Appellant sent Notices return receipt requested. Mr. Horwath stated Appellant did not, but that

return receipt mailing was not required. The Bankruptcy Court agreed, and stated the question was merely to determine the office practice regarding mailing of Notices. The Bankruptcy Court next inquired how Appellant could verify that Notices had been properly mailed to the Department of Agriculture and to buyers. Mr. Horwath replied that the Department of Agriculture routinely returned a certified copy of the Notice along with a receipt letter. When asked how Appellant verified mailings to buyers, Mr. Horwath testified that occasionally a buyer would call Appellant wanting to know what the Notice was about.

The Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion on October 12, 1990. The Bankruptcy Court found that the testimony of a Gonzalez manager, Mr. Horwath, was not sufficient to establish the existence of a regular office practice that would insure proper mailing to buyers. Therefore, the Bankruptcy Court found the presumption of receipt of properly mailed documents never arose. Since Appellant failed to raise the presumption of receipt of the Notices, and Debtor's witnesses denied receipt of any Notices, the Bankruptcy Court held Appellant's interest in the trust receipts was not perfected as required by 7 U.S.C. 499e(c)(3) and 7 C.F.R. § 46.46(g). Accordingly, the Bankruptcy Court denied the motion for relief from stay and for turnover of property.

On October 22, 1990, Appellant filed a "Motion for New Trial or Amendment of Findings" pursuant to Bankruptcy Rule 9023 and a contemporaneous motion for extension to file an appeal of the final findings of fact, conclusions of law and memorandum opinion under Bankruptcy Rule 8002. The order granting the extension of time to appeal stated that appeal of the final order had to be filed on or before November 12, 1990. On November 14, 1990, the Bankruptcy Court entered an order denying the motion for a new trial. Appellant filed its notice of appeal and request for oral argument November 19, 1990, seven days after the final date for appeal set in the extension order, but only five days after the denial of the 9023 motion for a new trial.

## ISSUES

I. WHETHER THE DISTRICT COURT HAS JURISDICTION TO ENTERTAIN AN APPEAL OF A BANKRUPTCY COURT'S FINDINGS WHEN NOTICE OF APPEAL WAS FILED SEVEN DAYS AFTER THE EXTENDED DATE TO FILE AN APPEAL HAS EXPIRED, BUT ONLY FIVE DAYS AFTER A RULING ON A RULE 9023 MOTION?

II. WHETHER THE BANKRUPTCY COURT'S INQUIRY AS TO WHETHER NOTICES WERE SENT BY RETURN RECEIPT MAIL HELD APPELLANT TO A HIGHER STANDARD OF PROOF THAN REQUIRED BY 7 U.S.C. § 499e?

III. WHETHER THE BANKRUPTCY COURT ERRED, AS A MATTER OF LAW, IN CONCLUDING THAT APPELLANT HAD NOT SUFFICIENTLY ESTABLISHED THE EXISTENCE OF A GENERAL OFFICE PROCEDURE WHICH WOULD INSURE PROPER MAILING OF NOTICES OF INTENT TO PRESERVE TRUST BENEFITS TO BUYERS?

## DISCUSSION

### I.

■ Appellant failed to comply with the terms of the Bankruptcy Court's order granting an extension of time to file an appeal of the final order. The order granting the extension clearly states that Appellant had up to and including November 12, 1990 to file a notice of appeal. No further extensions or stipulations to extension are indicated in the case docket. However, two days after the expiration of the time to file an appeal the Bankruptcy Court entered another order. This subsequent order denied Appellant's Bankruptcy Rule 9023 request for a new trial. Notice of appeal was filed November 19, 1990, seven days after the expiration of the extended deadline to file an appeal, but only five days after the denial of the new trial motion.

The question raised by the Bankruptcy Court is whether the Bankruptcy Court's November 14, 1990, order denying the motion for new trial vacated the deadline set in the earlier order granting an extension up to and including November 12, 1990. This Court holds the subsequent order vacated the prior order, and established a new deadline of November 24, 1990. Thus the appeal was filed in a timely manner and the Court has jurisdiction to address the issues presented on appeal.

Subsection 158(a) of Title 28 of the Code provides that the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees of the bankruptcy courts. 28 U.S.C. § 158(a). Subsection 158(c) provides "the appeal shall be taken ... in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c).

Bankruptcy Rule 8002(a) states, "Ten-day period. The notice of appeal shall be filed with the clerk within 10 days of the date of entry of the judgement, order, or decree appealed from." Subsection (c) goes on to provide that "[t]he bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule." In this case, the bankruptcy judge properly granted a motion for extension within the context of the Rules. On first impression, it appears that appellant failed to comply with the terms of the order.

The First Circuit Court of Appeals held in *In re Abdallah*, 778 F.2d 75 (1st Cir. 1985) that creditors who filed untimely notices of appeal deprived the district court of jurisdiction to review the bankruptcy court's order with respect to their appeals. The *Abdallah* court noted that compliance with rule 8002 is both jurisdictional and mandatory. *Id.* at 77.

Similarly, the Third District Court of Appeals in *In re Universal Minerals*, 755 F.2d 309 (3d Cir.1985) held that failure to file an appeal is a jurisdictional defect barring appellate review. *Universal Minerals* involved an optionee who sought to review of an order granting rescission of a sale of the debtor's assets. *Id.* at 310. The Third Circuit Court of Appeals affirmed the lower appellate court's determination that appellate jurisdiction did not exist when the optionee's counsel failed to file a notice of appeal until three days after the time limit established in Rule 8002 had expired. *Abdallah* and *Universal Minerals* indicate that, absent consideration of the subsequent denial of new trial, this Court would lack jurisdiction to address the appeal.

The request for new trial, and the denial two days after the expiration of the Bankruptcy Court's extended time to file appeal pose an issue not addressed in *Abdallah* or *Universal Minerals*. In this case, the request for a new trial triggered the application of Bankruptcy Rule 8002(b).

Bankruptcy Rule 8002(b) states in relevant part:

> If a timely motion is filed in the bankruptcy court by any party: ...; (3) under Rule 9023 to alter or amend the judgement; or (4) under 9023 for new trial, the time for appeal for all parties *shall run from the entry of the order granting or denying a new trial* or granting or denying any other such motion. (Emphasis added.)

Bankruptcy Rule 8002(b). Thus the statutory time for filing the motion for appeal did not begin to run until the entry of the denial for new trial on November 14, 1990. The purported extension ordered by the Bankruptcy Court was meaningless, as the "extension" expired two days before the statutory time frame for filing an appeal started.

This analysis is further supported by the decision of the Eleventh Circuit Court in the case *In re Mike*, 796 F.2d 382 (11th Cir.1986). The appeal of a petition for protection in bankruptcy in *In re Mike* was filed twenty-eight days after entry of dismissal, but six days before the bankruptcy court entered a denial of rehearing. *Id.* at 383. The district court dismissed the case with prejudice, stating the statutory deadline had expired. *Id.* Reversing the district court, the Eleventh Circuit held that a timely Rule 9023 motion tolled the running of the statutory ten-day appeal period until

entry of the order denying the Rule 9023 motion. *Id.* That same rule of law must be applied in this instance.

Under the foregoing analysis, the statutory ten-day period for effective filing of an appeal in this case commenced on the November 14th order denying a new trial, and ran until November 24, 1990. Appellant's notice of appeal, filed November 19, 1990, was actually five days before the last possible date to file an effective notice of appeal. Therefore, this Court finds that Appellant's timely filing of notice of appeal is sufficient for this Court to take jurisdiction pursuant to 28 U.S.C. § 158(c).

## II

■ The first issue raised by Appellant is whether the Bankruptcy Court's inquiry into Appellant's office mailing practices held Appellant, as a matter of law, to a higher standard of proof than found in 7 U.S.C. § 499e. This Court finds the inquiry conducted by the Bankruptcy Court was merely a factual inquiry by the Bankruptcy Court to determine whether or not Appellant's witness, Gonzalez manager Horwath, could establish the existence or non-existence of a routine office practice which would insure proper mailing of Notices to buyers.

7 C.F.R. § 46.46(g) details the notification requirements a seller must conform to in order to perfect an interest in PACA trust receipts. The rule provides in relevant part:

> (g)(2) Timely filing of a notice of intent to preserve trust benefits by a trust beneficiary will be considered to have been made if written notice is given to the debtor and filed with the Secretary by delivery at the headquarters office or a regional office of the P.A.C.A. Branch of Fruit and Vegetable Division, Agricultural Marketing Service, within 30 days after default. . . .

7 C.F.R. § 46.46(g)(2). Under this rule, regular mailing would clearly meet the requirements of the rule.

Appellant points to the statement made by the Bankruptcy Court in the Findings of Fact that "[t]he Notice was not sent to Debtor by return mail receipt requested or by certified mail." This Court notes that the statement was made within the context of the Findings of Fact, and was clearly supported by the testimony of Mr. Horwath. Particularly illuminating in this regard was the following exchange:

> THE COURT: Let me ask the question real quick, when your office sends them out do they send them out return receipt required?
> THE WITNESS: No, sir. It's not required by the PACA.
> THE COURT: I understand that but I was just wondering if it was the practice.

Testimony of T. Horwath, p. 11. Nothing in the Findings of Fact, Conclusions of Law and Memorandum Opinion indicates that the Bankruptcy Court even considered requiring return receipt mail as a necessary element of a PACA trust perfection. To the contrary, the transcript of Mr. Horwath's testimony establishes that the Bankruptcy Judge was well aware that PACA Notices are not required to be sent return receipt requested.

Therefore, this Court finds that the Bankruptcy Court held Appellant to the proper standard of notice required by 7 C.F.R. § 46.46(g)(2).

## III

■ The final question raised on appeal is whether the Bankruptcy Court erred as a matter of law in holding the testimony of Mr. Horwath legally insufficient to establish a presumption of receipt of a properly mailed Notice. As a result of Appellant's failure to establish the presumption of receipt, the Bankruptcy Court was left to weigh the testimony of Appellant's manager, who claimed the Notices were received, against the testimony of Debtor's officer's, who claimed the Notices were not received. Absent the legal effect of a presumption of receipt, the Bankruptcy Court was left to weigh testimony as a finder of fact, and this Court will not set aside the Bankruptcy Court's Findings of Fact unless clearly erroneous. Bankruptcy Rule 8013; *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986).

Appellant claims that the presumption of receipt of properly mailed documents is accepted by both the Florida and United States Supreme Court. The Court agrees, *see Brown v. Giffen Industries, Inc.*, 281 So.2d 897 (Fla.1973) and *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). There is no question that the presumption exists and may be utilized in this case. The question is whether Appellant, as a matter of law, sufficiently established the foundational elements necessary to raise the presumption. This Court finds Appellant did not.

In order to raise the presumption of receipt, Appellant needed to establish that the Notices were properly mailed. The foundational elements necessary to show proper mailing were laid out in *In re Fisher*, 74 B.R. 633 Bankr.S.D.Fla.1987). The proponent of the proper mailing must show: 1. the document was properly addressed; 2. the document was stamped; and 3. the document was mailed. *Id.* at 635. *Compare In re American Properties, Inc.*, 30 B.R. 247 (Bankr.D.Kan.1983) (proper mailing, consisting of proof of proper address, stamping, and deposit must be established before presumption of receipt arises).

Appellant asserts that under Federal Rule of Evidence 406, F.R.E. 406, Mr. Horwath's testimony was sufficient establish the routine office practice of mailing letters. The Court disagrees. Federal Rule of Evidence 406 provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

F.R.E. 406. Rule 406 deals with the relevancy of evidence of a routine or habit. With regard to this case, Rule 406 merely establishes that if Mr. Horwath had testified to what the routine office practice was regarding mailings, it would be relevant (and, absent other flaws or defects, e.g., substantially more unfairly prejudicial than probative, or unnecessarily cumulative) admissible evidence in the Bankruptcy Court's determination of what the office practice with regard to mailings was.

Mr. Horwath never established what the office policy was with regard to mailing Notices to customers. When asked if he ever saw the Notices after being filled out, Mr. Horwath replied he did not. Testimony of T. Horwath, p. 8. When asked if he ever saw the letters stamped, Mr. Horwath replied he did not. *Id.* at 8–9. When asked if he had any first-hand knowledge of who the Notices were routinely sent out to, Mr. Horwath was unresponsive, stating the secretaries in the office did what he told them, but not testifying what he told the secretaries to do with regard to Notices.

For these reasons the Court finds that the Bankruptcy Court did not err as a matter of law in determining Mr. Horwath's testimony to be insufficient to raise a presumption of receipt of the Notices.

ORDERED, that Motion for oral argument of issues on appeal is DENIED. It is further ORDERED, that the Bankruptcy Court's denial of relief from the automatic stay and for turnover of assets are AFFIRMED.

DONE and ORDERED.