Susan R. Schrag of Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., for plaintiff-appellant.

Before LOGAN and TACHA, Circuit Judges and O'CONNOR, District Judge.[*]

**Chanel ALLEN, a minor child By and Through her mother, next friend and natural guardian, Vickie M. ALLEN, Plaintiff-Appellant,**

v.

**A.J. HORINEK and Marjorie Horinek, Defendants-Appellees.**

No. 86–1822.

United States Court of Appeals, Tenth Circuit.

Aug. 26, 1987.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

The parties to this appeal were advised that the court was considering summary dismissal for lack of appellate jurisdiction. The question before us is whether the notice of appeal was prematurely filed and is thus a nullity. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).

Following the entry of judgment on a jury verdict, plaintiff timely filed a motion for new trial pursuant to Fed.R.Civ.P. 59. The trial judge held a hearing on the motion, at the conclusion of which he denied the motion from the bench. The courtroom

---

* The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

minute sheet also reflects the denial of the motion. The docket entry for the May 6, 1986, hearing date reads as follows: "Hearing on motion for new trial—denied. Order to follow." Plaintiff filed her notice of appeal on May 28. On June 19 an order issued denying the motion for new trial; the docket entry of that order was made June 20.

In *Acosta v. Louisiana Department of Health & Human Resources,* — U.S. ——, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986), the Supreme Court held that Fed.R.App.P. 4(a)(4) constitutes an exception to the general rule that a notice of appeal filed after announcement of an order but before its entry in the docket will be deemed timely filed. The provisions of Fed.R.App.P. 4(a)(2) specifically require that if a timely motion for new trial is filed, "the time for appeal for all parties shall run from the entry of the order denying a new trial."

In this case no separate order was set forth as required by Fed.R.Civ.P. 58 until June 19 and no entry made in accordance with Fed.R.Civ.P. 79(a) until June 20. We reject plaintiff's suggestion that the courtroom minute sheet and docket entry reflecting the substance of the hearing can suffice as meeting the requirements of these rules. *See Herrera v. First N. Sav. & Loan Ass'n,* 805 F.2d 896, 898–899 (10th Cir.1986) (appeal period computed from entry of order on civil docket); *Beaudry Motor Co. v. Abko Properties, Inc.,* 780 F.2d 751 (9th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986) (minute order prepared at direction of judge, noted on civil docket, signed by deputy clerk, and mailed to counsel satisfies rules).

This court has long held that when a tolling motion is made and a notice of appeal filed before its determination, a new notice must be filed within the prescribed time measured from the *date of the entry of the order* disposing of the motion. *A.O. Smith Corp. v. Sims Consol., Ltd.,* 647 F.2d 118, 120 (10th Cir.1981) (emphasis added). *See also Stallworth v. Shuler,* 758 F.2d 1409, 1410 (11th Cir.1985) (new notice of appeal must be filed after date district court enters order disposing of Rule 59 motion); *Trinidad Corp. v. Maru,* 781 F.2d 1360, 1362 (9th Cir.1986) (same).

The Supreme Court did not announce a different rule in *Acosta,* but merely chose the opportunity to state that section 4(a)(4) is a specifically drafted exception to section 4(a)(2), requiring the filing of a new notice of appeal *after* the entry of a dispositive order. Section 4(a)(4) is not to be construed as permitting an appeal to be taken after announcement of the court's decision but before the entry of an order.

This case cannot be distinguished factually from *Acosta.* Plaintiff was twice alerted to the lack of an order denying the Rule 59 motion: once by the notation on the docket following the May 6 hearing that an order would follow, and later by opposing counsel who subsequently drafted the order denying the motion at the court's request and sent plaintiff's counsel a copy for her approval. Finally, when this court notified the parties of the potential jurisdictional defect, there remained time for plaintiff to seek in the district court an extension to file the notice of appeal. Fed.R. App.P. 4(a)(5).

DISMISSED. The mandate shall issue forthwith.