**In re Kenneth Barry SHIELDS and Sandra Darlene Shields, Debtors.**

**Kenneth Barry SHIELDS and Sandra Darlene Shields, Appellants,**

v.

**STANDARD FEDERAL SAVINGS BANK, Appellee.**

Civ. A. No. 92–B–1747.

United States District Court, D. Colorado.

Feb. 10, 1993.

Kenneth Barry Shields, Sandra Darlene Shields, pro se.

Mark Johnson, Codillis & Stawiarski, P.C., Englewood, CO, for appellee.

MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Appellee, the Resolution Trust Corporation, as conservator for Standard Federal Savings Association (Standard Federal), moves, for the second time, to dismiss this appeal as not timely filed under Bankruptcy Rule 8002. This motion is adequately

briefed and oral argument will not materially aid its resolution. For the reasons set forth below, I will grant appellee's motion.

## I.

On July 7, 1992, the bankruptcy court lifted the automatic stay preventing Standard Federal from foreclosing on appellants' home. Relying on 11 U.S.C. § 362(e), the bankruptcy court granted Standard Federal's motion solely because appellants did not contest the request for relief from stay. Appellants argue they did not contest the motion because of the negligence of their then counsel. At that time, appellants' counsel was in the process of withdrawing and he never informed appellants of the pending motion.

On July 17, 1992, appellants filed a *pro se* motion for reconsideration. The bankruptcy court set a hearing on their motion for August 3, 1992. On July 21, 1992, Standard Federal proceeded with foreclosure even though the motion to reconsider was pending. At the foreclosure sale, Standard Federal was the sole bidder.

Following the August 3, 1992 hearing, the bankruptcy court denied appellants' motion for reconsideration. Final judgment was entered for Federal Savings on August 10, 1992. On August 31, 1992, appellants filed their *pro se* notice of appeal and I later granted their motion for a stay preventing finalization of foreclosure pending this appeal.

Federal Savings then moved to dismiss the appeal arguing that it was untimely. I denied this first motion to dismiss without prejudice in order for the bankruptcy court to resolve on remand: (1) whether the debtors' *pro se* notice of appeal filed August 31, 1992, could be construed as a request for an extension of time to file notice of appeal; (2) whether debtors had shown excusable neglect; and (3) whether the order lifting the automatic stay "authorized" the sale of the property. The bankruptcy court entered its findings of fact, conclusions of law and order that: (1) the debtors' notice of appeal cannot be construed as a request for extension of time to file notice of appeal; (2) the debtors failed to show excusa-

ble neglect for filing late their notice of appeal; and (3) an order granting relief from the automatic stay is not an order authorizing the sale of property.

## II.

Federal Rules of Bankruptcy Procedure Rule 8002(a) provides that a notice of appeal shall be filed within ten days of the entry of the order appealed from. This requirement is mandatory and jurisdictional. *Storage Technology Corp. v. U.S.D.Ct. for D. of Colo.*, 934 F.2d 244, 247 (10th Cir.1991). Under Rule 8002(b), a motion to alter or amend a judgment tolls the start of the ten day period until entry of an order granting or denying such motion. I construe appellants' motion for reconsideration as a motion to alter or amend the bankruptcy court's order. Therefore, the ten day period for filing a notice of appeal commenced on August 3, 1992 and ran on August 17, 1992. *See,* Bankr.R. 9006 (Computation of time).

Rule 8002(c) permits a twenty-day extension of time to file a notice of appeal if a motion for extension is made within the original ten-day time period. Also, a motion for an extension may be made within twenty days of the original ten-day filing period upon a showing of excusable neglect. Bankr.R. 8002(c). The bankruptcy court may extend the time for an appeal only as permitted by Rule 8002(c). *In re Herwit*, 970 F.2d 709, 710 (10th Cir.1992). Appellants notice of appeal was filed after the ten-day filing period had run but within the twenty day period allowed for filing for an extension. Thus, appellants notice of appeal is timely only if (1) the filing can be construed as a request for extension of time and (2) it is found that appellant's have shown excusable neglect. The bankruptcy court considered these two issues and determined that the notice of appeal cannot be construed as a request for extension of time and that the appellants have failed to show excusable neglect. Because the bankruptcy court was not clearly erroneous in finding that appellants failed to show excusable neglect, I need not address the first issue.

### III.

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling. Bankr.R. 8013. District courts review factual findings under the clearly erroneous standard while conclusions of law are reviewed de novo. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988). The bankruptcy court's determination that appellants failed to demonstrate excusable neglect is a factual finding and, therefore, should not be set aside unless it is clearly erroneous. *Matter of Washington Group, Inc.*, 476 F.Supp. 246, 249 (M.D.N.C.1979), *aff'd*, 636 F.2d 1215 (4th Cir.1980), *cert. denied*, 452 U.S. 940, 101 S.Ct. 3084, 69 L.Ed.2d 954 (1981); *In re LBL Sports Center, Inc.*, 684 F.2d 410, 412 (6th Cir.1982)

The Bankruptcy Code does not define the term "excusable neglect." However, the concept has been defined judicially as the failure to perform timely a duty caused by circumstances beyond the reasonable control of the person whose duty it was to perform. *Matter of Dayton Circuit Courts No. 2*, 85 B.R. 51 (Bankr.S.D.Ohio 1988); *In re W & L Assocs, Inc.*, 74 B.R. 681 (Bankr.E.D.Pa.1987). The standard for excusable neglect is strictly construed with regard to motions to extend time to appeal, *Matter of Dayton Circuit Courts No. 2*, 85 B.R. at 54, and a *pro se* debtor's late filing of notice of appeal does not constitute excusable neglect. *Matter of Ghosh*, 47 B.R. 374 (D.E.D.N.Y.1984).

Here, appellants argue that their problems with attorneys satisfy the requirement of excusable neglect. Their latest attorney who represented them at the August 3, 1992 hearing refused to prosecute their appeal. Between August 3 and August 31 appellants allegedly spoke to a number of other attorneys in the Denver area, all of whom refused to represent them on appeal. As a result, appellants filed this appeal *pro se*.

Appellants experience with legal counsel in this case is indeed unfortunate. However, appellants concede they were aware

they had only ten days to file their appeal. I am unable to conclude that the bankruptcy court's finding that appellant's have failed to show excusable neglect is clearly erroneous. Because appellants notice of appeal from the bankruptcy court was filed untimely, this court lacks jurisdiction to consider this appeal.

Accordingly, appellee's motion to dismiss this appeal as untimely is GRANTED and the September 28, 1992 stay of foreclosure proceedings in this case is VACATED.