**In re WISTON XXIV LIMITED PARTNERSHIP.**

**BALCOR PENSION INVESTORS V, Plaintiff/Appellee/Cross-Appellant,**

v.

**WISTON XXIV LIMITED PARTNERSHIP, Defendant/Appellant/Cross-Appellee.**

No. 93–4097–DES.
Bankruptcy No. 91–40410–11.

United States District Court, D. Kansas.

Aug. 19, 1994.

William H. Zimmerman, Jr., Minter, Case & Zimmerman, Wichita, KS, Joel Pelofsky, Shughart, Thomson & Kilroy, Kansas City, MO, for Wiston XXIV Ltd. Partnership.

Harry D. Dixon, Jr., Dixon & Dixon P.C., Omaha, NE, for Robert L. Thompson, Wiston Management Inc.

Jonathan A. Margolies, McDowell, Rice & Smith, P.C., Kansas City, MO, Michael L. Molinaro, Katten, Muchin & Zavis, Chicago, IL, for Balcor Pension Investors V.

Daniel M. Runion, Western Resources, Inc., Topeka, KS, Douglas G. Peterson, Missouri Gas Energy, Law Div., Kansas City, MO, for Western Resources, Inc.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

### I. INTRODUCTION

This matter is before the court on Wiston XXIV Limited Partnership's ("Wiston") motions to alter or amend judgment (Doc. 30), stay the July 15, 1994, Memorandum and Order pending disposition of its motion to alter or amend (Doc. 29), and expedite decision on its motion to stay (Doc. 32). Balcor Pension Investors V ("Balcor") opposes.[1]

### II. PROCEDURAL BACKGROUND

On April 2, 1993, the bankruptcy court denied confirmation of Wiston's fourth amended plan of reorganization under Chapter 11 and granted Balcor, Wiston's primary creditor, relief from the automatic stay. Wiston timely filed a motion for reconsideration. On April 13, 1993, the bankruptcy court orally denied Wiston's motion to reconsider.

The bankruptcy court directed Balcor to prepare and submit a written order. Balcor complied and the bankruptcy court signed the Order denying reconsideration on April 20, 1993. The Order was entered on the bankruptcy court's docket on April 21, 1993.

On April 20, 1993, pursuant to Federal Rule of Bankruptcy 8001(a), Wiston filed its notice of appeal with the clerk of the bankruptcy court. In the notice of appeal, Wiston stated its intent to appeal the final judgments which the bankruptcy court entered on April 2, 1993. In a Memorandum and Order filed and entered on the docket on July 15, 1994, this court dismissed Wiston's appeal for lack of jurisdiction, 170 B.R. 453. Specifically, the court dismissed Wiston's appeal because the notice of appeal was premature and, therefore, untimely filed.

On July 25, 1994, Wiston moved to alter or amend judgment[2] and for stay pending disposition of its motion to alter or amend judgment. Sometime following this court's dismissal of Wiston's appeal, Balcor noticed a sheriff's sale in aid of its foreclosure on a certain parcel of Wiston's property. The sale has been set for August 24, 1994. On August 3, 1994, Wiston moved for expedited hearing of its motion for stay. On August 12, 1994, before the court addressed Wiston's motions, Wiston filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit and moved for stay pending appeal.

### III. DISCUSSION

Wiston has filed four motions.[3] Before addressing any of the four, the court

---

1. A sheriff's sale has been set for August 24, 1994. Wiston contends that its only asset will be the subject of the sale. As to the three listed motions, the issues have been joined and the parties' arguments are clear. Due to the obvious time pressure, the court addresses each of the listed motions in the instant Memorandum and Order.

2. Although Wiston styled its filing "Motion to Alter or Amend," Fed.R.Bankr. 8015, not 9023, governs. See Matter of Butler, Inc., 2 F.3d 154, 155 (5th Cir.1993) (noting that "[w]hen the district court is acting as an appellate court in a bankruptcy case, 'Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for

rehearing.'") (quoting Matter of Eichelberger, 943 F.2d 536, 538 (5th Cir.1991). Wiston appears to acknowledge this in its later filings. See Motion of Appellant for Expedited Hearing on Motion for Continuation of Stay, filed August 3, 1994 (Doc. 32), at p. 1 (referring to its "Motion to Alter or Amend" as a motion to reconsider under Fed.R.Bankr. 8015).

3. The four motions are as follows: (1) motion to alter or amend (more appropriately styled as a motion to reconsider under Fed.R.Bankr. 8015) (Doc. 30); (2) motion for stay pending disposition of motion to alter or amend (Doc. 29); (3) motion for expedited hearing of motion for stay

first must consider the effect of the notice of appeal Wiston filed on August 12, 1994. Federal Rule of Appellate Procedure 6 governs appeals in bankruptcy cases from the judgments of district courts acting as appellate courts. Fed.R.App.P. 6(b)(1)(i) provides that Fed.R.App.P. 4(a)(4) is inapplicable to bankruptcy appeals. Instead, Fed.R.App.P. 6(b)(2)(i) controls "post-trial" motions in bankruptcy cases. In pertinent part, Fed.R.App.P. 6(b)(2)(i) provides as follows:

If any party files a timely motion for rehearing under Bankruptcy Rule 8015 in the district court or the bankruptcy appellate panel, the time for appeal to the court of appeals for all parties runs from the entry of the order disposing of the motion. *A notice of appeal filed after announcement or entry of the district court's … judgment, order, or decree, but before disposition of the motion for rehearing, is ineffective until the date of the entry of the order disposing of the motion for rehearing.*

Wiston filed the notice of appeal after announcement of the entry of the challenged judgment, but before the court disposed of the motion to alter or amend.[4] Accordingly, Wiston's notice of appeal is ineffective until the date the instant Memorandum and Order is entered. *Cf. Matter of Butler, Inc.,* 2 F.3d 154, 156–57 & n. 3 (5th Cir.1993).

In its motion to alter or amend, Wiston argues that the court erroneously dismissed its appeal. Specifically, Wiston argues that, contrary to the court's holding, it did not file its notice of appeal prematurely because (1) the bankruptcy court's minute sheet, filed on April 13, 1994, disposed of the motion to reconsider within the meaning of Fed.R.Bankr. 8002(b) and (2) even if the minute sheet did not properly dispose of the motion, the recent amendment to Fed.R.Bankr. 8002(b) nullifies authority central to the challenged Memorandum and Order and requires that Fed.R.Bankr. 8002(a) and (b) be construed together.

pending disposition (Doc. 32); and (4) motion for stay pending appeal (Doc. 37).

**4.** More appropriately styled as motion to reconsider under Fed.R.Bankr. 8015.

## A. *The Challenged Memorandum and Order*

 In the challenged Memorandum and Order, the court found that Wiston's appeal was untimely filed and, therefore, dismissed it for lack of jurisdiction. The untimely filing of a notice of appeal is a jurisdictional defect barring appellate review. *E.g., In re Herwit,* 970 F.2d 709, 710 (10th Cir.1992); *In re Slimick,* 928 F.2d 304, 306 (9th Cir.1990); *In re Colorado Energy Supply, Inc.,* 728 F.2d 1283, 1285 (10th Cir.1984); *In re Cordry,* 149 B.R. 970, 975 (D.Kan.1993); *see* Fed.R.Bankr. 8001(a) (failure of appellant to take any step other than timely filing of notice of appeal does not affect validity of appeal). The court may consider the timeliness of an appeal *sua sponte. In re Nucorp Energy, Inc.,* 812 F.2d 582, 584 (9th Cir. 1987); *In re Stagecoach Utilities, Inc.,* 86 B.R. 229, 230 (Bankr. 9th Cir. BAP 1988).

 As a general rule, a notice of appeal must be filed with the clerk of the bankruptcy court within ten days of the entry date of the judgment or order from which the appeal was taken. Fed.R.Bankr. 8002(a). The filing date is the date the notice of appeal was received by the bankruptcy court clerk. Fed.R.Bankr. 8008(a); *In re Herwit,* 970 F.2d at 710 n. 2. In the instant case, Wiston appealed from an order denying confirmation and granting relief from the stay, entered on April 2, 1993. Under the general rule, Wiston's notice of appeal filed with the bankruptcy clerk on April 20, 1993, would have been untimely.

 However, a motion to reconsider pursuant to Fed.R.Bankr. 9023[5] brings into question the corrections of the underlying decision, and therefore tolls the time for filing a notice of appeal until entry of the order granting or denying the motion to reconsider. *See In re Shields,* 150 B.R. 259, 260 (D.Colo.1993); *In re Frontier Airlines, Inc.,* 108 B.R. 274, 275–76 & n. 3 (D.Colo.

**5.** A motion to reconsider may be construed as a motion to alter or amend. *See In re Crystal Sands Properties,* 84 B.R. 665, 668 n. 3 (9th Cir. BAP 1988); *In re Shields,* 150 B.R. 259, 260 (D.Colo.1993).

1989). In this event, Fed.R.Bankr. 8002(b) governs the time for filing the notice of appeal. In the form relevant to the instant case, Fed.R.Bankr. 8002(b) reads as follows: [6]

**(b) Effect of motion on time for appeal**

If a timely motion is filed by any party: (1) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (2) under Rule 9023 to alter or amend the judgment; or (3) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect;* a new notice of appeal must be filed. No additional fees shall be required for such filing.

(Emphasis added.) Hence, when a timely motion is filed to reconsider or to alter or amend the bankruptcy court's order, the ten-day time for filing the notice of appeal runs from the date of *entry* of the order granting or denying the motion. *In re American Freight System, Inc.,* 153 B.R. 316, 319 (D.Kan.1993).

■■■ The time requirements of Fed. R.Bankr. 8002 are strictly construed and require strict compliance. *See In re Herwit,* 970 F.2d at 710; *In re Slimick,* 928 F.2d at 306; *In re Souza,* 795 F.2d 855, 857 (9th Cir.1986); *In re Weston,* 139 B.R. 543, 546 (D.Utah 1992), *aff'd,* 18 F.3d 860 (10th Cir. 1994). The language of the rule explicitly requires the notice of appeal to be filed within the ten days *after* the entry of the order denying reconsideration. *In re Sweet Transfer & Storage, Inc.,* 896 F.2d 1189, 1192 (9th Cir.1990). Notice filed before entry or more than ten days later is ineffective. *Id.* This rule is consistent with the principle that a judgment of the bankruptcy court is final, and therefore appealable, only after it has been entered on the docket of the bankruptcy case. *See* Fed.R.Bankr. 9021 (judgment

effective when entered pursuant to Fed. R.Bankr. 5003); Fed.R.Bankr. 5003(a) (entry of judgment or order in a docket shall show the date entry is made); *see also In re Rozark Farms, Inc.,* 139 B.R. 463, 464 (E.D.Mo.1992).

■■■ In this case, Wiston's notice of appeal was received by the bankruptcy court clerk and filed on April 20, 1993. Although the bankruptcy court orally denied the motion to reconsider on April 13, 1993, the written order he signed on April 20 was not *entered* by the bankruptcy court clerk until April 21, 1993. To take an appeal, Wiston was therefore required to file its notice of appeal within the ten day period commencing with the date the document was entered representing final disposition of the issue from which the appeal was taken, in this case April 21, 1993. *See In re Weston,* 139 B.R. at 547 (time for appeal commences with entry of document representing final disposition of issue appealed from); *see also Stelpflug v. Federal Land Bank of St. Paul,* 790 F.2d 47, 49–50 (7th Cir.1986) (entry of judgment means the date of docket entry).

Wiston's notice of appeal filed one day early was premature and ineffective under Fed.R.Bankr. 8002(b). *See In re Sweet Transfer & Storage,* 896 F.2d at 1191–92 (motion for reconsideration orally denied July 24, 1987; first notice of appeal filed July 24; order denying reconsideration and judgment signed and filed July 28; amended notice of appeal filed July 29; orders appealed from entered August 6; notice of appeal held prematurely filed and appeal dismissed); *In re Rozark Farms, Inc.,* 139 B.R. at 464 (motion to amend and notice of appeal filed February 4, 1991; motion to amend denied on February 5; written order entered on docket February 6; notice of appeal held prematurely filed and appeal dismissed); *In re Crystal Sands Properties,* 84 B.R. 665, 668 (9th Cir. BAP 1988) (motion for reconsideration filed October 14, 1986; notice of appeal filed October 28; motion for reconsideration denied at hearing held November 11; order

---

**6.** Effective August 1, 1994, over a year after Wiston filed its notice of appeal, and several weeks after the court dismissed Wiston's appeal, Fed.R.Bankr. 8002(b) was amended. Wiston bases one of its arguments on reconsideration on this amendment. In section III, B, 2, of the instant Memorandum and Order, the court addresses Wiston's argument.

entered denying reconsideration December 3; notice of appeal held premature and appeal dismissed); *see also In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 276 (D.Colo.1991) (distinguishing *In re Sweet Transfer & Storage* (after discussing it with approval). Therefore, because its notice of appeal was untimely filed, the court dismissed Wiston's appeal for lack of jurisdiction.

## B. *Wiston's Arguments on Reconsideration*

As previously noted, Wiston makes two arguments on reconsideration. First, Wiston argues that the minute sheet satisfied the requirements of Rule 8002(b). Second, Wiston argues that, even if the minute sheet was insufficient under Fed.R.Bankr. 8002(b), the recent amendment to Fed.R.Bankr. 8002(b) nullifies prior authority and requires that Fed.R.Bankr. 8002(a) and (b) be construed together.

### 1. *Effect of the minute sheet*

Effective August 1, 1991, Fed. R.Bankr. 8002(a) was amended to provide, "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." This amendment was intended to conform Fed.R.Bankr. 8002(a) to Fed. R.App.P. 4(a)(2). *See In re Defender Drug Stores, Inc.*, 127 B.R. 225, 232 n. 3 (9th Cir. BAP 1991). However, both Fed.R.Bankr. 8002(b) and its counterpart, Fed.R.App.P. 4(a)(4), provide that when particular kinds of motions are filed that have the effect of tolling the time for filing the notice of appeal, such as a motion to reconsider, a notice of

7. Fed.R.App.P. 4(a)(4) was amended effective December 1, 1993. Fed.R.Bankr. 8002(b) was amended effective August 1, 1994. However, for the purposes of the instant case, these amendments became effective after the relevant dates—the bankruptcy court orally announced its denial of Wiston's motion to reconsider on April 13, 1993, Wiston filed its notice of appeal on April 20, 1993, and the bankruptcy court entered the Order denying Wiston's motion on April 21.

8. The minute sheet states as follows:
 Court denies the motion for reconsideration. Mr. Margolies to do order.

appeal filed before *entry* of the order or judgment disposing of such a motion is ineffective.[7] *See Acosta v. Louisiana Dep't of Health and Human Resources*, 478 U.S. 251, 254, 106 S.Ct. 2876, 2877–78, 92 L.Ed.2d 192 (*per curiam*) (under Fed.R.App.P. 4(a)(4), notice of appeal is ineffective unless filed after entry of judgment on a Rule 59 motion or any other motions listed therein), *reh'g denied*, 478 U.S. 1036, 107 S.Ct. 23, 92 L.Ed.2d 774 (1986); *In re Sweet Transfer & Storage*, 896 F.2d at 1192 (courts construe Fed.R.Bankr. 8002(b) in the same manner as Fed.R.App.P. 4(a)(4)); *Nicoladze v. Lawler*, 86 B.R. 69, 72 (N.D.Tex.1988) (Rule 8002(b) is parallel to FED.R.APP. 4(a)(4)); *In re Crystal Sands Properties*, 84 B.R. at 667 (Rule 8002(b) is adopted from Fed.R.App.P. 4(a)(4) and is essentially the same as that rule).

As previously noted, at a hearing on April 13, 1993, the bankruptcy court orally denied Wiston's motion to reconsider. Following the hearing, the clerk docketed the courtroom minute sheet. The minute sheet is signed by the clerk and appears on the docket sheet as document 255.[8] The key to Wiston's argument is that the clerk's docketing of the minute sheet, signed by the clerk not the judge, satisfies Fed.R.Bankr. 8002(b). Wiston cites no authority in support.

Fed.R.Bankr. 8002(b) was adopted from, and is essentially the same as, Fed. R.App.P. 4(a)(4). *In re Crystal Sands Properties*, 84 B.R. at 667. Thus, courts construe Fed.R.Bankr. 8002(b) in the same manner as Fed.R.App.P. 4(a)(4). *In re Sweet Transfer & Storage*, 896 F.2d at 1192. In the form relevant to the instant case, Fed.R.App.P. 4(a)(4) provides as follows: [9]

> Debtor can file notice of appeal and motion to stay pending appeal. There can then be a telephone conference on motion. Court will rule on Balcor's motion after motion for stay ruled on.

9. Wiston filed its notice of appeal on April 20, 1993. Subsequently, Fed.R.App.P. 4(a)(4) was amended. The effective date of that amendment was December 1, 1993, nearly eight months after Wiston filed its notice of appeal.

Fed.R.App.P. 4(a)(4) now reads, in pertinent part, as follows:

[i]f a timely motion under the Federal Rules of Civil Procedure is filed in the district court by a party: ... (iii) under Rule 59 to alter or amend a judgment; ..., the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any such other motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

In *Allen v. Horinek*, 827 F.2d 672 (10th Cir.1987), the court addressed whether a docketed courtroom minute sheet satisfied the requirements of Fed.R.App.P. 4(a)(4). The trial court, following entry of judgment on a jury verdict, held a hearing on plaintiff-appellant's motion for a new trial. The trial court orally denied the motion. The clerk noted the denial on the minute sheet and also wrote that an order was to follow. The clerk then docketed the minute sheet. After the minute sheet was docketed, but before the order was filed, plaintiff-appellant filed her notice of appeal.

The Tenth Circuit explained that "when a tolling motion is made and a notice of appeal filed before its determination, a new notice must be filed within the prescribed time measured from the *date of the entry of the order* disposing of the motion." *Id.* at 673. In *Allen*, no separate order was set forth as required by Fed.R.Civ.P. 58, and no entry made in accordance with Fed.R.Civ.P. 79(a), until 3–4 weeks after plaintiff-appellant filed her notice of appeal. *Id.* at 673. *See* Fed. R.App.P. 4(a)(7) (stating that "[a] judgment or order is entered within the meaning of this Rule 4(a) when it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure"). The Tenth Circuit specifically rejected plaintiff-appellant's argument that the minute sheet and docket entry reflecting the substance of the hearing were sufficient to satisfy Fed.R.Civ.P. 58 and 79(a). *Cf. Jones v. Celotex Corp.*, 857 F.2d

273, 274–75 (5th Cir.1988) (noting that a minute entry was insufficient). Accordingly, the Tenth Circuit held that plaintiff-appellant prematurely filed her notice of appeal and, therefore, dismissed her appeal for lack of jurisdiction.

In the instant case, as in *Allen*, there is no written order from the court disposing of the motion. Instead, there is only a docketed minute sheet which reflects the substance of the hearing. The minute sheet, although stating that Wiston can take its appeal, does not clearly reflect that the minute order is to be a final appealable order, as Wiston seems to argue. To the contrary, the minute sheet reflects that the bankruptcy court anticipated that the preparation and entry of a formal, final Order would follow the hearing. The minute sheet states that "Mr. Margolies to do Order." This entry clearly evidences the bankruptcy court's expectation that a separate and final order was to be entered at a later date disposing of the motion to reconsider. *Cf. Levine v. Thompson*, 162 B.R. 858 (9th Cir. BAP 1994) (rejecting appellee's argument that docketed minute sheet was final appealable order).

■ To the extent that Wiston may argue that a motion to reconsider may be "disposed of" within the meaning of Fed. R.Bankr. 8002(b) absent the court's entry of an order granting or denying it, Wiston's argument is without merit. To the extent that Wiston argues that the docketed minute sheet is by itself sufficient to dispose of the motion to reconsider, Wiston's argument is unsupported by authority, particularly *Allen*, and unpersuasive. Therefore, the court rejects Wiston's argument that the docketed minute sheet "disposed of" the motion within the meaning of Rule 8002(b).

### 2. *Effect of the amendment to Fed.R.Bankr. 8002(b)*

■ Wiston's second argument is that the recent amendment to Fed.R.Bankr. 8002(b) nullifies the authority supporting the

---

[a] notice of appeal filed after the announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or

part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding.

court's previous ruling and requires that Fed.R.Bankr. 8002(a) and (b) be construed together.[10] However, the amendment to which Wiston refers, and on which it relies, took effect on August 1, 1994, over a year after the relevant actions—the bankruptcy court orally announced its decision regarding Wiston's motion to reconsider on April 13, 1993, Wiston filed its notice of appeal on April 20, 1993, and the bankruptcy court entered the Order denying the motion to reconsider on April 21, 1993—and several weeks after the entry of the challenged Memorandum and Order by this court. Thus, the amendment upon which Wiston places so much emphasis did not take effect until the court already had considered and dismissed Wiston's appeal. That is, by the time the amendment became effective, there was nothing to which it could apply. Wiston's reliance on the August 1, 1994, amendment is misplaced.

Wiston also argues that the court erred by following the Ninth Circuit's decision in *In re Sweet Transfer & Storage,* as opposed to the Eleventh Circuit's decision in *Mike v. Glendale Federal Savs. & Loan,* 796 F.2d 382, 384 (11th Cir.1986). The Eleventh Circuit's decision in *Mike,* as the Ninth Circuit's in *In re Sweet Transfer,* is merely persuasive, not binding, authority. As such, the court finds *In re Sweet Transfer* more persuasive. Although potentially harsh, *In re Sweet Transfer* more closely parallels the United States Supreme Court's decision in *Acosta v. Louisiana Dep't of Health and Human Resources. Cf. In re Sweet Transfer,* 896 F.2d at 1192 (noting that courts construe Fed.R.Bankr. 8002(b) in the same manner as Fed.R.App.P. 4(a)(4)); *Nicoladze,* 86 B.R. at

72 (noting that Fed.R.Bankr. 8002(b) is parallel to Fed.R.App.P. 4(a)(4)); *In re Crystal Sands Properties,* 84 B.R. at 667 (noting that Fed.R.Bankr. 8002(b) is adopted from Fed.R.App.P. 4(a)(4) and is essentially the same as that Rule). Furthermore, Wiston's attempt to distinguish *In re Sweet Transfer* is unavailing. The court is unconvinced that the decision to follow *In re Sweet Transfer* was error requiring amendment of the challenged Memorandum and Order.

### C. *The Remaining Motions*

Of Wiston's three remaining motions—(1) motion to stay pending disposition of the motion to alter or amend, (2) motion for expedited hearing of motion to stay pending disposition of the motion to alter or amend, and (3) motion to stay pending appeal—the first two are mooted by the denial of Wiston's motion to alter or amend and the last has yet to be joined and, thus, is not yet ripe for review.[11]

### IV. *CONCLUSION*

After reviewing Wiston's motions and the parties' memoranda, the court finds that Wiston's motions to alter or amend, to stay pending disposition of the motion to alter or amend, and for expedited hearing should be denied.

**IT IS BY THE COURT THEREFORE ORDERED** that Wiston's motion to alter or amend judgment (Doc. 30) is denied.

**IT IS FURTHER ORDERED** that Wiston's motion for expedited hearing (Doc. 32) is denied as moot.

10. As amended, Fed.R.Bankr. provides, in pertinent part, as follows:

[a] notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. The Advisory Committee Notes explain the amended rule as follows:

[t]his rule as amended provides that a notice of appeal filed before the disposition of a specified postjudgment motion will become effective upon disposition of the motion. A notice filed

before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy panel.

11. Fed.R.App.P. 8 provides for stays pending appeal (Tenth Circuit Rule 8.1 sets forth the applicable standard). Tenth Circuit Rule 8.2 provides for emergency applications. Specifically, Rule 8.2 authorizes the court to act ex parte in certain situations. Wiston has not moved pursuant to Rule 8.2.

**IT IS FURTHER ORDERED** that Wiston's motion for continuation of stay pending disposition of the motion to alter or amend (Doc. 29) is denied as moot.