45 F.3d 441
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: WISTON XXIV LIMITED PARTNERSHIP, Debtor.
WISTON XXIV LIMITED PARTNERSHIP, Appellant,
and
Robert L. Thompson, Wiston Management, Inc., General
Partners of Wiston XXIV Limited Partnershp,
v.
BALCOR PENSION INVESTORS WESTERN RESOURCES, INC., Appellees.
 No. 94-3281.
 United States Court of Appeals, Tenth Circuit.
 Dec. 28, 1994. ORDER AND JUDGMENT[1]
 
 Before MOORE and KELLY, Circuit Judges, and KANE,[2] District Judge.
 Wiston XXIV Limited Partnership appeals the order of the district court dismissing its appeal from bankruptcy court. The only issue before us is whether the district court correctly dismissed Wiston's appeal on jurisdictional grounds. Finding ourselves in agreement with that disposition, we affirm.
 Debtor Wiston XXIV Limited Partnership owns an apartment complex in Johnson County, Kansas. It filed a voluntary Chapter 11 petition in 1991.
 On April 2, 1994, the bankruptcy court entered a memorandum decision rejecting Wiston's Fourth Amended Plan of Reorganization. On April 6, Wiston filed a motion for reconsideration. There was a hearing on April 13, and the court orally denied the motion. The court's minutes for that day read: "Court denies the motion for reconsideration. Mr. Margolies to do Order. Debtor can file notice of appeal and motion to stay pending appeal." On April 20, the court signed the order denying Wiston's motion for reconsideration. On April 21, the order was docketed.
 On April 20, without waiting for entry of the bankruptcy court's formal order, Wiston filed its notice of appeal of the bankruptcy court's denial of the reorganization plan. On July 15, the district court dismissed Wiston's appeal as untimely. Wiston filed a motion to alter or amend judgment of the district court, which was denied.
 Wiston presents three issues on appeal. It assigns error to: (1) the district court's order dismissing Wiston's appeal from bankruptcy court; (2) the bankruptcy court's order rejecting the reorganization plan; and (3) the district court's refusal to reverse the bankruptcy court's grant of relief from automatic stay. Given the district court's disposition, however, only the first issue is before us.
 The district court's order of July 15, 1994, addressed only two issues: (1) the timeliness of Wiston's appeal from bankruptcy court, and (2) an apparently unrelated liquidated damages issue raised by Balcor Pension Investors V, a creditor of Wiston, in its own appeal. The order never addressed the other issues Wiston now seeks to litigate. Issues not raised before the district court should not be considered on appeal except to avoid "manifest injustice." Hernandez v. Alexander, 671 F.2d 402, 407 (10th Cir.1982). To examine the merits of Wiston's case, then, we would have to assume the application of a bright line procedural rule is "manifest injustice." To state this hypothesis is to refute it.
 The district court dismissed Wiston's appeal on jurisdictional grounds. We review jurisdictional issues on bankruptcy appeals de novo. In re Reliance Equities, Inc., 966 F.2d 1338, 1340 (10th Cir.1992). What we must now resolve is whether Wiston properly invoked the district court's jurisdiction by attempting to appeal before the bankruptcy court had decided a motion questioning the order Wiston was trying to appeal.[3]
 The predicate to the district court's appellate jurisdiction in bankruptcy is that the judgment, order, or decree appealed is "final." 28 U.S.C. 158(a). To establish the requirement of finality, Wiston argues a minute sheet is the functional equivalent of a final judgment. Wiston then contends, because its notice of appeal was filed after the minute sheet was docketed, the appeal was taken from a final judgment. In support, Wiston cites several Seventh and Ninth Circuit cases and "respectfully submits" that Allen v. Horinek, 827 F.2d 672 (10th Cir.1987) is "erroneous."
 Contrary views of our sister circuits notwithstanding, Allen holds squarely that a minute sheet entry does not constitute an appealable final judgment. Id. at 673. "[W]hen a tolling motion is made and a notice of appeal filed before its determination, a new notice must be filed within the prescribed time measured from the date of entry of the order disposing of the motion." Id. (emphasis in original). We stated, "Section 4(a)(4) is not to be construed as permitting an appeal to be taken after announcement of the court's decision but before the entry of an order." Id.
 Although Wiston invites us to overrule Allen, we must decline. We are bound by the decision unless it is overruled by the en banc court. United States v. Killion, 7 F.3d 927, 930 (10th Cir.1993), cert. denied, 114 S.Ct. 1106 (1994).
 In apparent anticipation of this result, Wiston argues even if the minute sheet was not a final judgment, its appeal was still timely under Bankruptcy Rule 8002(b). This rule was amended effective August 1, 1994. The earlier version provided if a post-decisional motion is filed,
 [a] notice of appeal filed before the disposition of [that motion] shall have no effect; a new notice of appeal must be filed.
 Bankruptcy Rule 8002(b) (1991).
 The amended version states:
 A notice of appeal filed after announcement or entry of judgment, order or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order or decree, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding.
 Bankruptcy Rule 8002(b) (1994).
 Wiston correctly points out the advisory committee's note states this rule was amended to conform with Fed. R.App. P. 4(a)(4). The 1993 advisory committee's note to Rule 4(a)(2) states: "The amendment deletes the language that made paragraph (a)(2) inapplicable to a notice of appeal filed after announcement of the disposition of a posttrial motion enumerated in paragraph (a)(4) but before entry of the order...."
 Although this is a quite convincing statement of current law, it does not reflect the law applicable to this case. Wiston's actions in bankruptcy court and the district court order being appealed both occurred before the amendment took place.
 The Order of the Supreme Court creating amended Rule 8002 states, "the foregoing amendments ... shall take effect on August 1, 1994, and shall govern all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy cases then pending." 154 F.R.D. 412 (1994). We believe this order is dispositive.[4]
 Wiston's "case" was commenced prior to the effective date of the rule. Thus, this issue turns upon whether the case was still "pending" on August 1, 1994. This is an exercise in semantics.
 The district court dismissed Wiston's appeal on July 15, 1994. However, its order on Wiston's motion to alter or amend judgment is dated August 19, 1994. Further complicating analysis is the fact this appeal arises out of a pending bankruptcy case, which apparently was not affected by the district court's order.
 Where, then, does the concept of a "pending case" go to find a home? Can it be anywhere but that point at which the matter of pendency is crucial? We think not; therefore, we look to the time at which jurisdiction was to have attached: the date the appeal was filed. At no other time in the long history of this case, from the filing of the original Chapter 11 petition to this very day, is the matter of pendency crucial at all.
 We conclude that this interpretation is the most rational. When Wiston made the procedural error that resulted in dismissal, the old rule was in effect, and Wiston was on notice of that rule.[5] We see no injustice in enforcing the jurisdictional requirement that governed the case at that time.
 Wiston finally argues that even if its appeal was defective, we should treat it as timely under Fed. R.App. P. 2. This rule allows the court to correct defects in procedure for good cause. The advisory committee's note calls this "a general authorization to the court to relieve litigants of the consequences of default where manifest injustice would otherwise result." 1967 advisory committee's note.
 
 
 1
 However, there is an explicit exception, spelled out both in Rule 2 and in Rule 26(b), which prohibits the court from enlarging time for appeal. Fed. R.App. P. 2, 26(b). Wiston argues that we could avoid this exception by simply treating the minute sheet as a final judgment. Although we have already demenestrated that notion, we observe doing so would circumvent the clear meaning of Rules 2 and 26(b).
 
 
 2
 Although Rule 2 states, "a court of appeals may ... suspend the requirements or provisions of any of these rules ....," the phrase "these rules" means the rules of appellate procedure, not the bankruptcy rules. This appeal was taken under Bankruptcy Rule 8002. Moreover, Rule 2 "suspensions" cannot overcome jurisdictional hurdles. Torres v. Oakland Scavenger Co., 108 S.Ct. 2405 (1988). Indeed, the Torres Court particularly disfavored the use of Rule 2 to enlarge the time for filing appeals. Id. at 2407. Failure to file a timely appeal is the only jurisdictional problem in the appeals process. Fed. R.App. P. 3(a). We conclude relief under Rule 2 would not be proper.
 
 
 3
 In the alternative, Wiston asks us to allow the appeal to proceed under what it terms the "unique circumstances" doctrine. In Stauber v. Kieser, 810 F.2d 1 (10th Cir.1982), we denied a motion to dismiss an untimely appeal where the appellant had detrimentally relied on the district court's erroneous grant of an extension of time to bring a post-decisional motion. In this case, the district court made no such error. We see no "unique circumstances" here.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable John L. Kane, Jr., United States Senior District Judge for the District of Colorado, sitting by designation
 
 
 [3]
 The district court dismissed the appeal as "untimely," but, because the appeal was filed early rather than late, it was actually premature. See Allen v. Horinek, 827 F.2d 672, 672 (10th Cir.1987)
 
 
 [4]
 There is no relevant case law on Bankruptcy Rule 8002. Both cases cited by Balcor, Pro Football Weekly v. Gannett Co., 988 F.2d 723, 725 (7th Cir.1993), and Hashemi v. Campaigner Publications, Inc., 784 F.2d 1581, 1583-84 (11th Cir.1986), decline to apply amended rules to proceedings already commenced. But in each case, there was no question that the proceedings were already concluded
 
 
 [5]
 Indeed, from our own experience we note it was commonplace for lawyers facing similar conundrums to file two notices of appeal to avoid inadvertently losing appellate jurisdiction