45 F.3d 441
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brichet D. ZEFF, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 94-5076.
 United States Court of Appeals, Tenth Circuit.
 Dec. 29, 1994.
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and VRATIL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Brichet Zeff appeals the district court's order affirming the Secretary's decision to deny plaintiff's application for supplemental security income (SSI) benefits. Plaintiff challenges the Secretary's decision on several grounds, including that the administrative law judge (ALJ) based his opinion on answers to a hypothetical question propounded to the vocational expert (VE) that did not include all of plaintiff's nonexertional limitations. We agree and, accordingly, reverse and remand for further proceedings before the agency.
 
 
 4
 Plaintiff filed her present application for SSI benefits on August 20, 1990, alleging she was disabled as a result of rheumatoid arthritis, heart arrythmia, bulimia, and severe depression. The ALJ found that none of plaintiff's physical impairments were severe, but that her depression, anxiety, and personality disorder constituted severe mental impairments. At step five of the sequential analysis, however, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing the five steps), the ALJ determined that plaintiff was not disabled because she could perform other work in the national economy despite her nonexertional limitations. The Secretary adopted the ALJ's opinion, and the district court affirmed the denial of benefits.
 
 
 5
 We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir.1991). Our review requires that we "meticulously examine the record" to determine if the evidence in support of the Secretary's decision is substantial. Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983).
 
 
 6
 We begin our analysis with plaintiff's challenge to the hypothetical questions the ALJ propounded to the VE. " 'Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991)(quoting Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir.1990)).
 
 
 7
 The ALJ's hypothetical question to the VE was flawed in two respects. First, the ALJ failed to include in the hypothetical his finding that plaintiff "would often have deficiencies of concentration." Appellant's App., Vol. II at 20. In response to questions by plaintiff's counsel, the VE testified that all the jobs he identified "require the ability to concentrate on the work that's to be performed to meet minimum production standards." Id. at 53. The VE further testified that if plaintiff's testimony were to be believed, he would not find her capable of performing any of the jobs he identified, because plaintiff's testimony reflected that "she was so focused on considering her own problems, that she was not able to concentrate on, on doing any kinds of activities, and that she was not able to focus on even doing simple tasks." Id. at 54.
 
 
 8
 Given that some level of concentration was necessary to perform all the jobs identified by the VE and that the ALJ found that plaintiff often experienced deficiencies in concentration, the ALJ should have solicited additional testimony from the VE as to whether and how the concentration deficiencies the ALJ found would affect plaintiff's ability to perform the jobs the VE identified. Without this additional explanatory testimony, the VE's statement that plaintiff could work despite her impairments did not constitute substantial evidence upon which the ALJ could rely. On remand, the ALJ should solicit evidence concerning the effect of plaintiff's deficiencies in concentration on her ability to work.
 
 
 9
 The second flaw arises from the ALJ's inadequate credibility findings concerning plaintiff's testimony. An ALJ's hypothetical questions need not include all the limitations to which a claimant has testified; the ALJ may restrict his questions to those limitations he has found to exist based upon substantial evidence in the record. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993). Here, the ALJ's hypothetical question did not include a variety of limitations to which plaintiff testified, which may have been due to his determination that plaintiff's testimony was not credible.
 
 
 10
 "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir.1990). Unfortunately, we cannot properly review the ALJ's credibility determination because he failed to explain why he found plaintiff incredible or to articulate which portions of her testimony he found incredible. "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir.1988)(footnote omitted).
 
 
 11
 Based on the findings he made, the ALJ clearly did not reject all of plaintiff's testimony, yet his hypothetical question failed to include some impairments to which plaintiff testified that are otherwise supported by the record, such as her recurrent panic attacks and her long history of bulimia. Because the ALJ failed to articulate his credibility determinations with any precision, we do not know whether he disbelieved plaintiff's testimony about her bulimia and panic attacks, for example, or whether he simply determined that they did not affect her ability to work. On remand, the ALJ should make more specific findings as to the various impairments to which plaintiff testified and their effect on her ability to work, and to craft his hypothetical questions accordingly.
 
 
 12
 In addition to challenging the Secretary's decision based on the hypothetical questions the ALJ asked, plaintiff argues that the Secretary's decision is not supported by substantial evidence for several other reasons. First, plaintiff contends that the evidence shows her impairments meet or equal the listings for affective disorders and personality disorders, respectively. Second, plaintiff argues that the psychiatric review technique form the ALJ completed contains two evidentiary errors: it reflects that plaintiff is only mildly depressed and that she never experienced episodes of deterioration or decompensation in work or work-like settings. Third, plaintiff maintains that the ALJ failed to take into account her "problems with stress," Appellant's Br. at 22. Finally, plaintiff notes that the ALJ failed to evaluate the report of Dr. Mancuso properly.
 
 
 13
 We have reviewed all these challenges to the Secretary's decision, and, with one exception, do not find them persuasive. One matter that we do find troubling relates to the report of Cullen Mancuso, Ph.D., a psychologist who examined plaintiff in December 1991 and administered a battery of tests. In summarizing his observations at the conclusion of his report, Dr. Mancuso stated that "[w]hile [plaintiff's] psychological and/or psychiatric condition would not appear to be so severe that it would preclude her from performing job duties, I doubt that she would perform in a manner that would be acceptable." Appellant's App., Vol. II at 434.
 
 
 14
 As we recently noted, " '[a] finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time.' " Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir.1994)(quoting Singletary v. Bowen, 798 F.2d 818, 822 (5th Cir.1986))(alteration in original).
 
 
 15
 The ALJ's opinion reflects that he relied fairly heavily on Dr. Mancuso's report in determining the severity of plaintiff's mental impairments. The opinion does not reflect, however, that the ALJ adequately considered Dr. Mancuso's comments on plaintiff's ability to perform job duties in an acceptable manner.[2] On remand, the ALJ should carefully evaluate whether plaintiff can satisfactorily perform on a "reasonably regular basis," Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984), despite her mental impairments. This evaluation may require the ALJ to obtain additional explanatory evidence from Dr. Mancuso.
 
 
 16
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the action is REMANDED with directions to remand to the Secretary for further proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In fact, the ALJ described Dr. Mancuso's observation as one that "claimant would be able to work but that she would have difficulty doing so." Appellant's App., Vol. II at 18; see also id. at 17. A claimant's difficulty in performing job functions is quite different, however, from a claimant's inability to perform job functions in an acceptable manner