46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 La-Rye V. AVILA, Plaintiff-Appellant,
v.
George SULLIVAN, Bob Hickox, Nick Trujillo, Rick Soares,
Steven Green, Mary White, Tom Helphingstine,
Defendants-Appellees.
 No. 93-1348.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Avila, appearing pro se and in forma pauperis, appeals from the dismissal of his civil rights complaint, 42 U.S.C.1983. Within ten days of the dismissal, Mr. Avila simultaneously filed a notice of appeal and a motion for "new hearing" pursuant to Fed.R.Civ.P. 59. While the motion was pending, Mr. Avila filed another notice of appeal. Thereafter, the district court denied the Rule 59 motion by order entered October 28, 1993 and Mr. Avila did not file another notice of appeal.
 
 
 2
 Mr. Avila's two notices of appeal were premature and he was required to file a new notice of appeal by November 29, 1993, thirty days after entry of district court's order denying his Rule 59 motion. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982) (per curiam). Fed. R.App. P. 4(a)(4) was amended effective December 1, 1993, to allow a premature notice of appeal to become effective upon the denial of a Rule 59 motion. Ogden v. San Juan County, 32 F.3d 452, 454 n. 2 (1994). The amendment was to "govern all proceedings in appellate cases thereafter commenced and, insofar as just and practicable, all proceedings in appellate cases then pending." Orders of the Supreme Court of the United States Adopting and Amending Rules, 113 S.Ct. 819. Although some circuits have applied the amended rule to notices of appeal filed prior to December 1, 1993, see Schroeder v. McDonald, 1994 WL 663407, at * 2-* 3 (9th Cir.1994); Burt v. Ware, 14 F.3d 256, 258-59 (5th Cir.1994), we decline to do so.
 
 
 3
 Mr. Avila's appellate case was commenced prior to the effective date of the amendment, but was it still pending on December 1, 1993, given two ineffective notices of appeal? In a similar context, we have stated:
 
 
 4
 Where, then, does the concept of a "pending case" go to find a home? Can it be anywhere but that point at which the matter of pendency is crucial? We think not; therefore, we look to the time at which jurisdiction was to have attached: the date the appeal was filed. In re Wiston XXIV Ltd. Partnership v. Balcor Pension Investors V (Wiston XXIV Limited Partnership v. Balcor Pension Investors V), No. 94-3281, 1994 WL 715971, * 2-* 3, unpub. order at 6 (10th Cir. Dec. 28, 1994). By the express terms of the Rule then in effect, the two notices of appeal filed prior to disposition of the Rule 59 motion were ineffective to confer jurisdiction on the appellate court. A contrary rule would allow appellate jurisdiction to turn on when the court of appeals determined its jurisdiction over the case rather than by the rules in effect when the appeal was filed.
 
 
 5
 APPEAL DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument